IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDDIE JOE REZA,

      Movant,

vs.                                                                                       No. CV 16-00881 JAP/KBM
                                                                                                                No. CR 10-02135 JAP

UNITED STATES OF AMERICA,

      Respondent.

**ORDER TO SHOW CAUSE**

THIS MATTER is before the Court under rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Eddie Joe Reza's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("Motion") (CV Doc. 1; CR Doc. 67). It appears on the face of the Motion that the motion was not filed within one year as required by 28 U.S.C. § 2255(f). Therefore, the Court will order Movant Reza to show cause why the Motion should not be dismissed as untimely.

Final Judgment was entered on Reza's conviction and sentence on June 1, 2011. (CR Doc. 51). Reza filed a first § 2255 motion on October 30, 2015 seeking relief under *Johnson v. United States,* 135 S.Ct. 2551 (2015). (CR Doc. 56). The Court determined that Reza's sentence could not have been enhanced by two challenged state court convictions because the state court charges had not even been filed at the time the Presentence Report was disclosed. Instead, he was given the two-level enhancement based on a stolen firearm. The Court concluded Reza is not eligible for relief under *Johnson* and denied the first § 2255 motion. (CR Doc. 58, 59). Reza

1

filed an untimely appeal from the Court's ruling, which was dismissed by the Tenth Circuit. (CR Doc. 64).

Reza then sought to proceed on a second § 2255 Motion, raising a different state court conviction and contending that he is eligible for relief under the United States Supreme Court's decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015). (CR Doc. 67, CV Doc. 1). Reza filed his Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence 28 U.S.C. § 2255 By a Prisoner in Federal Custody in the United States Court of Appeals for the Tenth Circuit. The envelope in which the Application was mailed has a postmark of July 15, 2016, and the Application was received by the Tenth Circuit on July 20, 2016. (CR Doc. 66, 67). The Tenth Circuit granted him authorization to proceed with his second § 2255 Motion by Order dated July 29, 2016. (CR Doc. 66).

Section 2255(f) states:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant Reza is proceeding under a theory that his sentence should be vacated and he should be resentenced based on *Johnson v. United States,* 135 S.Ct. 2551 (2015). The 1-year

limitation period applicable to his claim, then, is the period under § 2255(f)(3).  The *Johnson* decision was handed down by the Supreme Court on June 26, 2015 and the deadline for filing a § 2255 motion based on *Johnson* was June 27, 2016 (June 26, 2016 was a Sunday and under Fed. R. Civ. P. 6(a)(1)(C), the time was extended to Monday, June 27).

The Tenth Circuit's Order authorizing Movant Reza to proceed on his § 2255 Motion provides:

> "The filing date for the authorized § 2255 motion is the earlier of 1) the date the motion for authorization was filed in this court, or 2) the date the motion for authorization was delivered to prison authorities for mailing, if the district court determines Movant is entitled to the benefit of the prison mailbox rule. . ."

The general rule is that a document is deemed filed with the Court on the date that the document is received by the Clerk of the Court.  *See* Fed.R.Civ.P. 5(d)(2); Fed.R.Crim.P. 49(d). A prisoner such as Movant Reza may take advantage of the prison mailbox rule, in which case the filing date is deemed to be the date the prisoner placed the document in the prison mailing system. However, to obtain the benefit of the prison mailbox rule, the prisoner mandatorily must comply with the requirements of the rule. *United States v. Smith,* 182 F.3d 733, 734 n. 1 (10th Cir.1999).

For purposes of § 2255 proceedings, the prison mailbox rule is set out in rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Rule 3(d) states:

> "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which ***must set forth the date of deposit and state that first-class postage has been prepaid.***"

Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts (emphasis added).

Rule 3(d) provides that, for prisoners, timely filing through use of a prison mail system may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid. Even if the prisoner actually uses the prison's mail system and pays the postage, that use of the system will not trigger the mailbox rule if the mandatory declaration requirements of rule 3(d) are not satisfied.  Instead, if the declaration does not meet the requirements of the rule, the date of receipt by the court is the controlling filing date. *See, e.g., Price v. Philpot,* 420 F.3d 1158, 1165-67 (10th Cir.2005; *United States v. Ceballos–Martinez,* 387 F.3d 1140, 1143-46 (10th Cir.2004); *Smith,* 182 F.3d at 734 n. 1.

Movant Reza's Application contains a declaration that states:

> "I declare under Penalty of Perjury that my answers to all the questions in this Application are true and correct, and *that I placed this application in the prison mailbox today, June 24, 2016, since there are only two days left until the deadline, I need the mailbox rule.*"

(CV Doc. 1 at 6, CR Doc. 67 at 6) (emphasis added).  Reza's declaration does not comply with the requirements of rule 3(d) in that it does not recite that first class postage has been pre-paid.  *See Smith,* 182 F.3d at 734 n. 1. Therefore, the filing date for Reza's Motion is the date it was received by the United States Court of Appeals for the Tenth Circuit, July 20, 2016. *Price v. Philpot,* 420 F.3d at 1165-67; *United States v. Ceballos–Martinez,* 387 F.3d at 1143-46.

Reza's Motion Under 28 U.S.C. §§ 2255 was not filed until July 20, 2016, more than one year after the Supreme Court's decision in *Johnson*.  Absent circumstances excusing the late filing or tolling the running of the limitations period, Reza's Motion is untimely under 28 U.S.C. § 2255(f)(3).  Therefore, the Court will order Movant Reza to show cause why his Motion should

not be dismissed as untimely. In his response to this Order, Reza shall identify any basis he claims for timeliness of his Motion under § 2255(f) and shall set out the facts supporting such a basis. If Reza fails to show cause within thirty days, the Court may dismiss his Motion as untimely without further notice.

IT IS ORDERED that Movant Eddie Joe Reza shall, within thirty (30) days of entry of this Order, show cause why his Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (CV Doc. 1; CR Doc. 67) should not be dismissed as untimely under 28 U.S.C. § 2255(f).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE