IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE JOE REZA,

        Petitioner,

v.                                        No. CIV 16-881 JAP/KBM
                                             No. CR   10-2135 JAP

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

On July 20, 2016, Petitioner Eddie Joe Reza (Petitioner) moved to correct his sentence under 28 U.S.C. § 2255, arguing that one of his prior convictions is no longer a crime of violence so as to enhance his offense level under the United States Sentencing Guidelines (U.S.S.G.). APPLICATION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE 28 U.S.C. § 2255. Motion (Doc. No. 1).[1] Thus, Petitioner seeks resentencing without the enhancement. BRIEF IN SUPPORT OF MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255. Brief (Doc. No. 13).

On February 10, 2017, Respondent United States (Respondent) filed UNITED STATES' RESPONSE TO DEFENDANT/MOVANT'S MOTION TO CORRECT SENTENCE

---

[1] Petitioner was acting in *a pro se* capacity when he filed the Motion. On July 29, 2016, the Tenth Circuit Court of Appeals granted Petitioner authorization to proceed with a second § 2255 Motion. Order (Doc. No. 1, attachment). On September 6, 2016, the Court appointed counsel for Petitioner in accordance with *Johnson v. United States*, 135 S. Ct. 2551 (2015). Doc. No. 69 in No. CR 10-2135. Counsel filed Petitioner's Brief in support of the § 2255 Motion.

1

PURSUANT TO 28 U.S.C. § 2255. Response (Doc. No. 14).[2] Respondent argued that the Court should deny Petitioner's § 2255 Motion both because the rule in *Johnson* is not retroactively applicable to Petitioner's collateral challenge and because Petitioner had waived his right to bring a § 2255 Motion in his underlying Plea Agreement. Response at 1, 4, 11.

In the REPLY TO UNITED STATES' RESPONSE TO BRIEF IN SUPPORT OF MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255, Petitioner concedes the government's position that Petitioner waived his post-conviction rights in his Plea Agreement. Reply at 1 (Doc. No. 15).

**Background**

On July 21, 2010, Petitioner pleaded guilty to an Information charging that he was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* Response at 2 (summarizing pertinent procedural history). Petitioner entered his plea of guilty in accordance with a written Plea Agreement that contained a waiver-of-appeal provision. That provision stated:

> The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal this conviction and/or sentence within the statutory maximum penalty authorized by law. In addition, the defendant agrees to waive any collateral attack to this conviction and/or sentence pursuant to 28 U.S.C. § 2255, except on the issue of effective assistance of counsel.

Plea Agreement ¶ 12 (Doc. No. 25 in No. CR 10-2135).

Petitioner was convicted of Shooting at or from a Motor Vehicle or into an Occupied Dwelling. *See* Response at 2 (summarizing contents of Petitioner's Presentence Investigation

---

[2] Respondent also filed an UNOPPOSED MOTION FOR STAY OF PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *UNITED STATES V. BECKLES*. Motion to Stay (Doc. No. 12). Petitioner did not oppose the Motion to Stay. See Brief at 4 (noting that the decision in *Beckles* would determine if Petitioner could seek relief under *Johnson*). In accordance with the Court's decision to dismiss the § 2255 motion, the Court will deny the Motion to Stay as moot.

Report (PSR)). Based on this conviction, the United States Probation Office found that Petitioner's base offense level under the U.S.S.G. was 20 because he committed the instant offense after sustaining a felony crime-of-violence conviction as outlined in U.S.S.G. § 2K2.1(a). *See id.* (PSR ¶ 19). The Probation Office determined that Petitioner's guideline range under the U.S.S.G. was 110 to 129 months. *Id.* (PSR ¶ 78). Petitioner was sentenced to 110 months of imprisonment, at the bottom of the guideline range, followed by three years of supervised release. *Id.* Doc. No. 50 in No. CR 10-2135.

This history gave rise to Petitioner's argument that his conviction for Shooting at or from a Motor Vehicle or into an Occupied Building no longer qualifies as a crime of violence under U.S.S.G. § 2K2.1 following the United States Supreme Court's decision in *Johnson*.

**Analysis**

Because Petitioner concedes that Respondent's waiver argument is supported by Tenth Circuit precedent, Reply at 1, the Court addresses only the second of Respondent's two positions.

"A waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). An exception is made if enforcement of the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). But a miscarriage of justice occurs only "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327. "This list is

exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (internal quotation marks omitted). Additionally, error does not make a waiver "otherwise unlawful" unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (brackets and internal quotation marks omitted).

Petitioner does not dispute that his written Plea Agreement contained an explicit waiver of his right to bring a collateral challenge under § 2255 on any issue other than ineffective assistance of counsel in negotiating or entering the plea or the waiver. *See* Reply at 1. *See also* Plea Agreement ¶ 12. It is undisputed that the Plea Agreement reflects that Petitioner acknowledged his appellate rights and knowingly waived them, and that his plea was voluntarily made. Plea Agreement ¶¶ 12, 15. Petitioner does not assert that his claim falls outside the scope of his waiver or that the waiver was not knowing and voluntary. In fact, Petitioner makes no argument in opposition to Respondent's assertion that Petitioner waived his right to bring a collateral challenge under § 2255. *See* Brief 1–4 (arguing only that he should be resentenced in light of *Johnson*).

Thus, Petitioner's *Johnson*–based challenge to the U.S.S.G enhancement is a challenge to the lawfulness of his sentence rather than a challenge to the lawfulness of the waiver. In *United States v. Frazier-LeFear*, ___ F. App'x ___, 2016 WL 7240134, *4 (10th Cir. Dec. 15, 2016), the Tenth Circuit Court rejected that argument, observing that "creating an exception for sentencing errors 'would nullify the wavier based on the very sort of claim it was intended to waive.'" (citation omitted). Petitioner has not alleged any error that relates to the waiver itself. Moreover, Petitioner has cited the decision of *Frazier-LeFear* as support for his concession that

Respondent's position regarding Petitioner's waiver is correct. Therefore, the Court concludes that the waiver is enforceable and that Petitioner's claim under § 2255 is barred.

The Court further determines, under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Petitioner has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's § 2255 Motion and Brief (Doc. Nos. 1 and 13) are DISMISSED with prejudice; a certificate of appealability is DENIED; and Final Judgment will be entered.

IT IS FURTHER ORDERED THAT Respondent's UNOPPOSED MOTION FOR STAY OF PROCEEDINGS PENDING THE SUPREME COURT'S DECISION IN *UNITED STATES V. BECKLES* (Doc. No. 12) is DENIED as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE